UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff<br><br>　　vs.<br><br>PAT ASKE WIN JONES,<br><br>　　　　Defendant | 4:20-cr-40049<br><br>MEMORANDUM AND ORDER DENYING SENTENCE REDUCTION |

Pending before the Court is Defendant's Motion to Reduce Sentence pursuant to Amendment 821 to the Federal Sentencing Guidelines, (Doc. 53). The motion appeared in the form of a letter to the Court in which the Defendant requested the appointment of counsel to ascertain whether she qualified for relief under the amendment. The Court referred the letter to the Government and Federal Public Defender to treat the document as a motion for relief. The Government has responded, (Doc. 55), and the Federal Public Defender's Office has notified the Court of its intent not to supplement, (Docket 2/13/2024). For the following reasons, the Court denies Defendant's motion.

1

## BACKGROUND

The Defendant pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841 and 846. (Doc. 44, 46). The charges arose in connection with a multi-defendant conspiracy to distribute methamphetamine, orchestrated from the South Dakota State Penitentiary. The co-conspirators' activities included drug distribution, bulk cash transfers, and money wires domestically and with co-conspirators in Mexico. Defendant's base offense level was 29. (Doc. 46-1). Based on a conviction for petty theft for which she received a suspended sentence over a decade prior to the offenses of conviction, her criminal history score was 1, yielding a criminal history category of I. (Id.). At sentencing, the Court and Counsel for the Government and Defendant engaged in substantial discussion of Defendant's background and possible sentencing factors including application of U.S.S.G. § 5C1.2. (Doc. 51). Although the imprisonment range pursuant to the Federal Sentencing Guidelines was 87-108 months, the Court imposed the statutory mandatory minimum of 120 months. Defendant's release date is February 24, 2028.

Defendant now requests a reduction in sentence pursuant to a recent amendment to the Federal Sentencing Guidelines which was made retroactive.

**LEGAL STANDARD**

Ordinarily, a court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582. The statute creates an exception for a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission…". Id. § 3582(c). In such a situation, the court engages in the two-step procedure set forth in *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). That procedure requires a determination whether the applicant qualifies for relief under § 3582(c), followed by ascertaining the pertinent guideline range. *Id.* See also *United States v. Diaz*, 2024 WL 167166, *2 (S.D. Fla. Jan. 16, 2024); *United States v. Estupinan*, 2023 WL 9022718, *2 (S.D. Fla. Dec. 31, 2023); *United States v. Galvan-Jacinto*, 2023 WL 9007294, *2 (W.D. Okla. Dec. 28, 2023).

Amendment 821 to the Guidelines includes two provisions that could provide relief if applicable. First, § 4A1.1 addresses status points a defendant received because the offense was committed while under any "criminal justice sentence," including imprisonment, probation, or supervised release. The provision reads as follows:

§ 4A1.1. Criminal History Category

The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
(a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.

3

> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
> (c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.
> (d) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection.
> (e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1.

Amendment 821 modified § 4A1.1(e) to reduce the points from 2 to 1 for a person who committed the offense while under a criminal justice sentence.

The second aspect of Amendment 821 appears at § 4C1.1, which addresses a possible reduction in offense level of certain offenders who have zero criminal history points. The provision reads as follows:

> § 4C1.1. Adjustment for Certain Zero-Point Offenders
>
> (a) Adjustment.--If the defendant meets all of the following criteria:
>
> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

4

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848;

decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G. § 4C1.1.

## ANALYSIS

The Court has considered Defendant's motion with respect to both of the amendments to U.S.S.G. §§ 4A1.1 and 4C1.1. First, with respect to § 4A1.1, there was no indication Defendant committed her offense while serving a "criminal justice sentence" and her sentence did not take any such conduct into account. Furthermore, she had only one criminal history point; to obtain relief under this amendment, seven criminal history points are the threshold. Therefore, Defendant does not qualify for an adjustment pursuant to § 4A1.1. See generally, *United States v. Jones*, 2024 WL 232114, *1 (Jan. 22, 2024) (granting reduction to qualifying defendant); *United States v. Stadel*, 2024 WL 209057, *2 (D.S.D. Jan. 19, 2024) (same); *United States v. McMillian*, 2024 WL 187708, *2 (W.D. La. Jan. 17, 2024) (denying relief to defendant who did not receive status points); *United States v. Hall*, 2024 WL 171943, *1 (W.D. N.C. Jan. 16, 2024) (denying relief

5

where defendant qualified for adjustment under § 4A1.1 but guideline range was unaffected).

Second, with respect to § 4C1.1, Defendant's criminal history score was I based on 1 criminal history point. Because the Amendment provides relief only to zero-point offenders, Defendant does not qualify for any reduction in sentence pursuant to § 4C1.1. Accord *United States v. Kwot*, 2024 WL 230079, *1 (D. Minn. Jan. 22, 2024) (holding relief unavailable to Defendant with one criminal history point).

An additional factor is pertinent to Defendant's case. Even if a 2-level reduction in offense level applied to Defendant, she would not derive any benefit due to the application of U.S.S.G. § 5G1.1(b), which provides that if "a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." Furthermore, U.S.S.G. § 1B1.10 provides that a court may not reduce a Defendant's sentence to "less than the minimum of the amended guideline range." Defendant was subject to the mandatory minimum sentence of 120 months, and any change to the guidelines would not affect that sentence.

Because defendant is ineligible for a sentencing reduction, there is no reason to appoint counsel. See, e.g., *United States v. Williams*, 2023 WL 8868799 (D.

Minn. Dec. 22, 2023); *United States v. Ross*, 2024 WL 149130, *2 (S.D.N.Y. Jan. 12, 2024). Therefore, Defendant's motion for appointment of counsel is denied.

Accordingly, IT IS ORDERED that Defendant's motion for reduction in Sentence and appointment of counsel is denied. (Doc. 53).

Dated this 27th day of February, 2024.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____